**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MORGAN FORD,**

**Plaintiff,**

v.

**LZB RETAIL, INC.,**

**Defendant.**

**Case No. 2:26-cv-00061**
**Judge Algenon L. Marbley**
**Magistrate Judge S. Courter M. Shimeall**

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's "Motion to Dismiss with Prejudice Under Rule 41(b)" (ECF No. 41). Plaintiff Morgan Ford did not file an opposition to this Motion, and the time to do so has passed.

For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **GRANT** Defendant's Motion to Dismiss (ECF No. 41).

## I. BACKGROUND AND PROCEDURAL HISTORY

Through counsel, Plaintiff initiated this case in the Franklin County Court of Common Pleas in December 2025. On January 16, 2026, Defendant removed the case to this Court.[1] (ECF No. 1.) Plaintiff's counsel subsequently withdrew. (ECF Nos. 18, 19.) Over the following months, the Court held multiple discovery conferences and directed Plaintiff to fulfill her discovery obligations, warning that noncompliance could result in dismissal:

- In an Order memorializing the discovery conference on July 15, 2026, the Court directed the parties to arrange a meeting at Defense counsel's Columbus office to resolve Plaintiff's document-production issues. (ECF No. 29.)

[1] The case was originally removed to the Western Division at Cincinnati and then transferred to the Eastern Division pursuant to S.D. Ohio Civ. R. 82.1(b). (ECF No. 4.)

- In an Order memorializing the discovery conference on August 14, 2026, the Court ordered the parties to meet and confer at Defense counsel's Columbus office on August 21, 2026. (ECF No. 32.) The Court further cautioned Plaintiff that "she has a duty to prosecute the case, including communicating with Defense counsel and providing timely responses to discovery requests," and warned her "that failure to meet this duty may result in consequences, including dismissal." (*Id.*)

- In an Order memorializing the discovery conference on September 14, 2026 (ECF No. 38), the Court ordered Plaintiff to complete the following within thirty days:

    - Execute and return the medical release authorizing the disclosure of her physical and mental health records for the two years preceding her hire date.
    - Produce to Defense counsel any physical and mental health records from the two years preceding her hire date that are within her possession, custody, or control.
    - Execute and return the IRS form authorizing Defendant to obtain her IRS account and wage-and-income transcripts for the four years preceding her hire date.
    - Produce to Defense counsel any tax documents from the four years preceding her hire date that are within her possession, custody, or control.
    - Produce any social media post she has made that references this case or Defendant LZB Retail, Inc.
    - Execute and provide Defendant with employer authorizations for each subsequent employer identified in her interrogatory responses.
    - Retrieve her documents from her prior counsel and produce any documents that are responsive to Defendant's requests.

  The Court again cautioned Plaintiff that "failure to comply with the Court's discovery order may result in sanctions, including dismissal of her case." (ECF No. 38, PAGEID #: 192.)

- In its pending Motion to Dismiss, Defendant represents that Plaintiff failed to comply with any of the Court's directives in the September 14, 2026 Order. (ECF No. 41, PAGEID #: 200.)

Throughout the case, Plaintiff also sent numerous unsolicited and improper emails to the Court despite repeated warnings to stop, culminating in the Court's Order on October 26, 2026, prohibiting Plaintiff from emailing the Court, and ordering that she must seek relief through formal

motion or memorandum filed on the docket. (ECF No. 42.) In that Order, the Court summarized Plaintiff's history of improper email communications:

- On June 24, 2026, Ms. Ford sent an email to the Undersigned's chambers titled "Motion for Appointment of Pro Bono Counsel." The email criticized her former counsel and requested the appointment of new counsel. (ECF No. 23.) As a one-time courtesy, the Undersigned construed that email as a motion to appoint counsel and a motion for a discovery conference. The Undersigned cautioned Ms. Ford that no further emails would be construed as motions, explaining that "she must comply with Local Rule 7.2(c), which requires written communications with the Court to be made by formal motion or memoranda submitted in compliance with the Local Rules" and that "[a]ny motion must be made via a proper filing on the docket." (ECF No. 24.)

- Also on June 24, 2026, Ms. Ford emailed federal PACER staff, copying the Undersigned's chambers and Defense counsel. She accused the PACER system of being "incredibly classist" and participating in "an obstruction of justice," and made accusations against her former counsel. (ECF No. 41-2.)

- On July 31, 2026, Ms. Ford responded to an email from the Undersigned's chambers notifying the parties of an upcoming discovery conference. She stated that she would not meet and confer with Defense counsel by telephone because she "prefer[s] to complete the meet-and-confer process in writing" for various reasons. (July 31, 2026 Email.)

- On August 6, 2026, Ms. Ford copied the Undersigned's chambers on an email to Defense counsel attaching the "Rules of Superintendence for the Courts of Ohio" to ensure that "all parties had equanimity of awareness of certain statutes that govern our mutual litigation process." (First August 6, 2026 Email.) That same day, she copied the Undersigned's chambers, Judge McFarland's chambers, and Defense counsel on a nearly 1,000-word email to Ohio Disciplinary Counsel concerning her former counsel. (Second August 6, 2026 Email.) The Undersigned's chambers instructed Ms. Ford that she "must not copy the Court on email communications" and again advised her that requests for relief must be submitted through a formal motion or memorandum in compliance with the Court's Local Rules. (*Id.*)

- On September 1, 2026, Ms. Ford responded to an email from Defense counsel, copying the Undersigned's chambers. Among other things, she explained that she had previously told Defense counsel that they had "blood on their hands" because she believed the phrase to be "symbolic of death and/or extreme injustice." (September 1, 2026 Email.)

- On October 8, 2026, Ms. Ford sent an email addressed to Chief Magistrate Judge Bowman, copying the chambers of the Undersigned, Judge Marbley, Judge McFarland, and Chief Judge Morrison. Ms. Ford demanded that the case be heard by the Chief Judge "under strict supervision of a judge from a higher court," accused Defense counsel of tormenting her with "traps and mind games," and threatened to involve "several universities and advocacy programs from out of state" if she was not appointed counsel. The Undersigned's chambers again instructed Ms. Ford not to submit requests to the Court by email and advised her that requests for relief must be submitted through a formal motion or memorandum that complies with the Court's Local Rules. (ECF No. 41-1.)

- On October 20, 2026, Ms. Ford sent an email copying the chambers of the Undersigned, Judge Marbley, Judge McFarland, and Chief Judge Morrison, as well as the EEOC and the Ohio Ethics Commission. The email included accusations against her former counsel and asked, "Can i PLEASE be appointed an attorney now, before my eyes get stuck rolling into the back of my skull?" (October 20, 2026 Email.)

(ECF No. 42, PAGEID ##: 238–40.)

In its Motion to Dismiss, Defendant also outlines Plaintiff's numerous harassing emails to Defense counsel:

> In an August 26, 2026 email, Plaintiff attributed her refusal to provide discovery, in part, to what she described as "incorrect information given by Magistrate Judge Shimeall at our most recent status conference." (Ex. 4, August 26, 2026 email). On August 28, 2026, Plaintiff sent defense counsel proposed "edits" to the joint discovery submission. (Ex. 5, Discovery Summary Edits). Rather than confining her comments to the outstanding requests, Plaintiff accused counsel of "defaulting to whatever is on the first page of Google" and attributed the discovery dispute to counsel's purported "insecurity surrounding the ability to outsmart" her. She characterized counsel's statement that she had claimed to be posting about the case on social media as a "blatant lie." Addressing counsel's statement that relevant documents remained with her former counsel, she wrote that counsel was "confused youself [sic] at this point." Plaintiff demanded changes by August 31, adding that she "wouldn't want [Defense counsel] to feel embarrassed." (*Id.*).
>
> In other August 28 communications, Plaintiff stated that she "must be doing something very right" to make defense counsel "this irritated," told counsel to "relax," and mocked counsel for "tatt[ling]" to the Court about the discovery issues. (Ex. 6, Separate August 28, 2026 emails). She also asserted that she had been a "witness to a crime" committed by her former counsel, whom she claimed had "deceived" her. After Defendant provided the discovery summary to the Court, Plaintiff sent further communications attacking defense counsel personally. On

> September 1, 2026, Plaintiff improperly stated that defense counsel had "blood on their hands" for litigating this case. She contrasted her own conduct with counsel's by stating that she would "not to stoop to a level low enough where I feel the need to administer cheap shots … and call it 'licensed practice.'" She further stated that she was contacting the Securities and Exchange Commission, the Ohio Civil Rights Commission, and her elected "representative." (Ex. 7, September 1, 2026 Email).

(ECF No. 41, PAGEID ##: 202–03.)

To date, Plaintiff has not responded to Defendant's Motion.

## II. ANALYSIS

Under Federal Rule of Civil Procedure Rule 41(b), a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations. *See Bragg v. Flint Bd of Educ.*, 570 F.3d 775 (6th Cir. 2009).

The Sixth Circuit considers four factors when determining whether dismissal with prejudice is appropriate under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered." *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023).

First, Plaintiff's continued failure to provide discovery despite the Court's intervention weighs in favor of dismissal. The Court held multiple discovery conferences, and Defense counsel offered technical assistance with Plaintiff's purported difficulties producing documents. (ECF Nos. 29, 32, 38.) Plaintiff nevertheless failed to comply with the Court's Order on September 14, 2026 (ECF No. 38), requiring her to comply with Defendant's discovery requests. Rather than providing the required discovery, Plaintiff sent emails to the Court and other government bodies

stating that she would contact additional entities if she was not appointed counsel. Her continued noncompliance, despite the assistance offered and the Court's express directive, supports a finding of bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"); *D & R Servs., LLC v. Mesa Underwriters Specialty Ins. Co.*, No. 23-5651, 2024 WL 2830660, at *4 (6th Cir. June 4, 2024) ("We have previously held that a party engaged in contumacious conduct where it failed to comply with discovery requests and a court order.").

Second, Defendant has been prejudiced by Plaintiff's conduct. Defendant represents that it has "has spent substantial fees on repeated discovery conferences as well as the in person discovery conference ordered by the Court." (ECF No. 41, PAGEID #: 205.) "[A] defendant is prejudiced by the plaintiff's conduct where the defendant 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 368 (6th Cir.1997)). Such is the case here.

Third, the Court twice warned Plaintiff that failure to comply with her discovery obligations could result in dismissal of this action for failure to prosecute. (ECF Nos 32, 38.) *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate).

Finally, Plaintiff has failed to comply with the discovery process, missed the deadline to comply with the Court's Order on September 14, 2026, and failed to respond to Defendant's Motion to Dismiss. In light of that continued noncompliance, and despite the Court's many efforts to facilitate resolution of outstanding discovery disputes and its repeated warnings of dismissal,

the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

The Undersigned recognizes that Plaintiff has described this litigation as stressful. Nevertheless, like any other pro se litigant, Plaintiff must comply with the Court's rules and Orders. Because she has failed to do so, dismissal is appropriate.

## III. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Court **GRANT** Defendant's Motion to Dismiss (ECF No. 41) and that this case be **DISMISSED WITH PREJUDICE** for failure to prosecute.

## IV. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**